F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**APR 29 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JIMMY ALEX BARELA, JR.,

      Defendant-Appellant.

No. 03-2090
(D.C. No. CR-02-1675 BB)
(New Mexico)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Circuit Judge**, McWILLIAMS**, Senior Circuit Judge, and **PAYNE**, Chief District Judge.[**]

Jimmy Barela, Jr., (the "defendant") was charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The defendant pled not guilty and a trial by jury ensued. At the conclusion of the government's case, counsel for the defendant moved for a judgment of acquittal on the ground that there was insufficient evidence to show that the defendant, who was an

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable James H. Payne, Chief District Judge, United States District Court for the Eastern District of Oklahoma, sitting by designation.

admitted felon, "possessed" the gun in question. The district court denied that motion, stating, "there is sufficient evidence . . . to submit the case to the jury." The defendant called no witnesses on his behalf, and elected to invoke his constitutional right not to testify. The jury convicted the defendant and the district court thereafter sentenced him to imprisonment for 120 months, the statutory maximum, as mandated by U.S.S.G. § 5G1.1(a).

On appeal, counsel raises three issues: (1) insufficiency of evidence to show that defendant possessed the firearm in question; (2) improper remarks made by the government counsel in his rebuttal argument to the jury resulting in plain error which deprived the defendant of his right to a fair trial; and (3) error by the district court in increasing the defendant's offense level by four levels pursuant to U.S.S.G. § 2K2.1(b)(5). Finding no reversible error, we affirm.

<u>SUFFICIENCY OF THE EVIDENCE</u>

It was the government's theory of the case that the defendant was driving a vehicle with his brother, Lorenzo, as a passenger, when they encountered another vehicle being driven by Lorina Alvarez, in which Daniel Romero was riding as a passenger; that a few minutes prior to this meeting the defendant and his brother had been involved in a verbal argument with Alvarez and Romero in a nearby truck stop; and that on this second meeting the defendant fired a firearm several times at the vehicle driven by Lorina Alvarez, which shots pierced the windshield of her vehicle. Based thereon, the defendant

was charged with possessing a firearm after having a final felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Lorina Alvarez and Daniel Romero were duly served prior to trial with subpoenas to appear and testify at defendant's trial. However, they did not appear at trial. The government apparently knew prior to the start of the actual trial that the two, for some reason, were not going to appear and testify. (It would also appear that subsequent to trial, Alvarez and Romero were, after hearing, held in contempt and punished therefor.) Such being the case, the government presented its case to the jury without either Alvarez or Romero testifying. At the conclusion thereof, defense counsel, on motion for judgment of acquittal, argued that there was insufficient evidence to show that the defendant, who was admittedly a felon, had either "actually," or "constructively," possessed the gun in question. As indicated, that motion was denied, and the jury, after deliberation, convicted the defendant of the crime charged.

As stated, Alvarez and Romero, though subpoenaed, did not appear and testify at trial. Because Alvarez and Romero failed to appear, the government concedes that there is no direct evidence, as such, which shows that the defendant possessed the weapon in question, i.e., no "eye witness" nor a "confession." Hence the government's position on this matter is that there was sufficient circumstantial evidence that the defendant did, in fact, possess the gun to defeat the motion for judgment of acquittal.

"We review sufficiency of evidence claims by viewing the evidence in the light most favorable to the jury's verdict." *United States v. Lang,* 81 F.3d 955, 962 (10th Cir.

1996), citing *United States v. Jones,* 49 F.3d 628, 632 (10th Cir. 1995). Or, as we said in *United States v. Sanders*, 929 F.2d 1466, 1470 (10th Cir. 1991), "a single test applies in reviewing the sufficiency of the evidence in criminal cases: 'the evidence – both direct and circumstantial, together with reasonable inferences to be drawn therefrom – is sufficient if, when taken in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt,'" citing *United States v. Hooks,* 780 F.2d 1526, 1531 (10th Cir. 1986). Using that standard, we agree with the district court's conclusion that "there is sufficient evidence . . . to submit the case to the jury." *A fortiori* the evidence is sufficient to support the verdict.

For background, Ray Campos, a deputy sheriff for Chaves County, New Mexico, was in his automobile on a call unrelated to this case when he heard "a series of shots behind me." They were sufficiently nearby that he thought the shots were possibly directed at him. Shortly thereafter, a vehicle driven by Alvarez approached the vehicle in which Campos was seated at a high rate of speed. According to Campos, after engaging his emergency lights, the car stopped, and he talked to the occupants thereof, whom he learned were Alvarez and Romero. At that point, according to Campos, Romero told him the name of the person who had fired shots at the vehicle in which he was riding, and gave a description of the vehicle from whence the shots were fired. Campos, of course, was not questioned at trial as to the name of the person given him by Romero who had fired the shots. However, the prosecutor did ask Campos "whom did you think you

would be looking for at that time?"  Without objection, Campos answered "Jimmy Barela."  The prosecutor then followed up by asking "and what vehicle did you believe you would be looking for?", to which Campos answered "a small white car."  Armed with this information, Campos began looking for a "small white car" driven by "Jimmy Barela."  Shortly thereafter, and a relatively short distance from the place where Campos had stopped the Alvarez vehicle, Campos espied a "small white car."  Campos stopped that car, which was, in fact, being driven by the defendant with his brother as the passenger.

The evidence, all circumstantial in nature, which, in our view, tends to show that the defendant possessed the firearm in question is summarized as follows:

> (1) the indictment charged defendant with possessing on December 13, 2001, after he had been convicted of a felony, a "Taurus, Model PT 140 Millennium, .40 S&W caliber pistol, bearing Serial Number STG 43424";
>
> (2) that firearm was purchased from a gun dealer on November 12, 2001, by a Ms. Theresa Lucero with whom the defendant was living at the time;
>
> (3) that most women who buy handguns for their own use purchase small guns, such as .22, .380, .32 or a .38 special, and not .40 caliber ones;
>
> (4) Romero and Alvarez drove up to Deputy Sheriff Campos and Romero advised Campos that they "were just shot at," described the vehicle from which the shots had come and named the person who had shot at them. Another officer confirmed that there was a hole in the windshield of their vehicle;
>
> (5) based on what Romero had told Campos, the police then began to look for a "small white car" being driven by the defendant;
>
> (6) an experienced police investigator testified that, if the defendant had

fired shots out the driver's window, the spent casings would be on the east side of the road on which defendant was driving. A subsequent search of the "east side" of that road revealed three spent casings;

(7) the defendant's brother, Lorenzo, who was cooperating with the police, told the officers that he would take them to the place where the gun had been thrown from the car window. He did, and the officers found one live round, springs, a butt plate, a magazine and the body of the Taurus .40 caliber pistol; and

(8) a gun holster was found on the floor of the vehicle the defendant was driving, when arrested, on the driver's side of the seat.

Under the described circumstances, the district court did not err in denying the defendant's motion for judgment of acquittal and we agree with his observation that "there is sufficient evidence . . . to submit the case to the jury." The jury then found, beyond a reasonable doubt, that the defendant "possessed" a firearm. Our study of the record convinces us that there is sufficient evidence to support the verdict.

IMPROPER CLOSING ARGUMENT

In his closing argument, defense counsel, *inter alia,* commented on the fact that the government in its case did not call as its witnesses either of the alleged "victims," Alvarez or Romero; nor did it call Theresa Lucero, who was living with the defendant at that point in time and had purchased the gun in question from a gun store. ( Ms. Lucero was apparently present during the entire trial.) It was in this setting that in his final argument to the jury, the prosecutor spoke as follows:

> The defense has no burden to prove anything to you whatsoever. However, the defense also had the power to subpoena witnesses. The defense also had the power to

> subpoena the victims in this case, as well as the defendant's girlfriend. That never happened. We saw her in the courtroom, but not on the witness stand to explain where that firearm went after she purchased it. So, please keep that in mind. We put on the witnesses that we needed to prove our case.

Counsel did not object at trial to the foregoing statement by the prosecutor. However, on appeal, counsel argues that the prosecutor's remarks, when he already knew that Alvarez and Romero were not going to appear and testify, constituted "plain error" which dictates a reversal and a new trial. We do not agree. "Plain error" requiring reversal is warranted only where there is "error" amounting to "plain error" that "affects substantial rights" and "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. James,* 257 F.3d 1173, 1182 (10th Cir. 2001); *United States v. Gauvin,* 173F.3d 798, 804 (10th Cir. 1999)(we review a prosecutor's remarks during closing argument which were not objected to for plain error and reverse only to correct particularly egregious errors). We conclude that the prosecutor's remarks were prompted by defense counsel's argument, and most certainly do not constitute "plain error" that undermines the integrity of the judicial process. *United States v. McIntyre*, 997 F.2d 687, 707 (10th Cir. 1993).

<u>U.S.S.G. § 2K2.1(b)(5)</u>

U.S.S.G. § 2K2.1(b)(5) provides that, if a felon found guilty of possessing a firearm "uses" that firearm "in connection with another felony offense," his base offense level should be raised by four levels. The presentence report recommended that

defendant's offense level be raised by four levels because the defendant "used" the gun he "possessed" by firing at the vehicle in which Alvarez and Romero were riding. Objection to that recommendation was made, and, after hearing, the district court overruled the objection. The district court did not err in so doing. The record clearly shows that defendant not only possessed the gun but also "used" it in "connection with another felony offense" when he fired the gun.

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge